[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15524
Non-Argument Calendar

_____

D. C. Docket No. 07-20462-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND GONZALEZ,
a.k.a. Ramonsito,
a.k.a. Ramon Gonzalez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 16, 2008)

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Raymond Gonzalez appeals his concurrent prison sentences of 240 months each that the district court imposed after he pled guilty to all counts of a three-count indictment: Count One, conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846; Counts Two and Three, possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). His brief presents one issue: whether his sentences were procedurally or substantively unreasonable in light of the sentencing factors set forth in 18 U.S.C. § 3553(a)(2). We affirm.

Gonzalez argues that, "under the totality of the circumstances," the sentences the district court imposed were unreasonable. He contends that the court was confused regarding the guideline sentence ranges and statutory mandatory minimums relating to powder versus crack cocaine. Finally, he contends that the court used the incorrect legal standard in imposing the sentences by requiring him to provide "extraordinary proof," rather than "reasonable proof," to justify sentences outside of the guidelines range. Prison terms of 120 months would reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and provide protection to the public.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).

2

Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails adequately to explain its reasoning. Id. at ___, 128 S.Ct. at 597. The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard, which involves inquiring whether the statutory factors in 18 U.S.C. § 3553(a) support the sentence in question. Id.

In arriving at a reasonable sentence, the district court is required to consider the factors set out in § 3553(a): (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide

3

restitution to victims. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. 3553(a)). The district court need not discuss or state that it explicitly has considered each factor of § 3553(a). Talley, 431 F.3d at 786. Instead, an explicit acknowledgment that the court has considered the defendant's arguments and the § 3553(a) factors will suffice. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005); see also Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007).

In this case, the sentences were not procedurally unreasonable because the district court applied the correct legal analysis, entertained the parties' presentations, and considered Gonzalez's personal history and the factors set out in § 3553(a). Gonzalez's sentences also were not substantively unreasonable because the court imposed below-guidelines sentences, which were consistent with Gonzalez's personal history of cocaine addiction, criminal history, and current offense.

**AFFIRMED.**